UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:10-CR-00079-GNS

UNITED STATES OF AMERICA                                                                                PLAINTIFF

v.

ROY ALLEN GROVES                                                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Emergency Motion for Revocation of Detention Order (DN 26) and Plaintiff's Motion for Leave to File Belated Response (DN 30). The motions are ripe for adjudication. For the reasons stated below, the motions are **GRANTED**.

I.      **BACKGROUND**

On May 15, 2006, Defendant Roy Allen Groves ("Groves") pleaded guilty to one count of possession with intent to deliver crack cocaine in the U.S. District Court for the Eastern District of Kentucky. (Probation/Supervised Release Transfer Docs. Attach. 1, DN 4-1). He was sentenced to 60 months imprisonment followed by 96 months of supervised release. (Probation/Supervised Release Transfer Docs. Attach. 1). On June 16, 2010, Groves's supervision was transferred to this district. (Transfer Jurisdiction 1, DN 1).

On April 21, 2011, the Court modified the terms of Groves's supervised release following several violations of the terms of his supervised release relating to contact with a convicted felon without permission from the Probation Office and failing to notify his probation officer of his questions by law enforcement relating to a domestic dispute. (Pet. Modification 1, DN 5). Under the modified terms, Groves was to reside for a period of up to 6 months at a residential re-entry

1

center and comply with its rules, and participate in a community-based mental health treatment program. (Pet. Modification 1, DN 5). Subsequently, Groves was arrested for violation of the terms of his supervised release. On December 21, 2011, the Court denied the petition to revoke his probation. (Order 1, DN 13).

In October 2013, Groves again violated the terms of his supervised release by being in contact with a convicted felon without permission from his probation officer. (Pet. Modification 1, DN 14). On October 25, 2013, the Court modified the terms of Groves's supervision to require him to reside at a residential re-entry center for a period of up to 6 months and to be compliant with the facility's rules. (Pet. Modification 1-2, DN 14).

As a result of further violations, the Court issued a warrant for Groves's arrest in 2017. At that time, Groves was serving a prison sentence. As a result of the COVID-19 pandemic, Governor Andy Beshear commuted the sentences of many prisoners including Groves. The U.S. Marshals Service took custody of Groves when he was released from this state sentence, and he is currently being housed at the Crittenden County Jail.

On April 22, 2020, Magistrate Judge Edwards conducted a combined preliminary revocation and detention hearing by video. (Order 1, DN 24). Based on Groves's testimony and the arguments of counsel, the Magistrate Judge ordered that Groves be detained pending the final revocation hearing. (Order 1, DN 24). On April 28, 2020, Groves moved to revoke the Magistrate Judge's detention order and requested immediate release pending the final revocation hearing due to his health conditions and the COVID-19 pandemic. (Def.'s Emergency Mot. Revoke Detention Order, DN 26). On May 12, 2020, the United States moved for leave to file a belated response to Groves's motion. (Pl.'s Mot. Leave 1, DN 30). The motions are ripe for a decision.

## II.    DISCUSSION

### A.    Defendant's Emergency Motion for Revocation of Detention Order (DN 26)

The district court reviews a magistrate judge's order of detention *de novo*. *See United States v. Yamini*, 91 F. Supp. 2d 1125, 1127 (S.D. Ohio 2000) (explaining that, although the Sixth Circuit has not mandated a particular standard of review, "[t]he majority view appears to favor . . . *de novo* review of detention orders . . . ."). When considering the safety of any other person and the community, the Court should consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

In determining whether temporary release should be granted, the Court must apply 18 U.S.C. §§ 3142 and 3144, and Fed. R. Crim. P. 32.1. *See* Fed. R. Crim. P. 46(a), (d). Under Fed. R. Crim. P. 32.1, "[t]he magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). Under Section 3143(a)(1), the court shall detain a defendant unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a).

During the detention hearing, Groves presented evidence relating to the requirements of Section 3143(a)(1). In particular, Groves is 67 years of age and has numerous medical conditions, including: asthma, high blood pressure, chronic obstructive pulmonary disease, a heart stint, Gout, and an artificial hip. (Detention Hr'g Tr. 7:21-23, 8:20-9:7, DN 28). More than a month before

3

the hearing, Groves had been hospitalized because he was having difficulty breathing. (Detention Hr'g Tr. 9:15-25). At the time of hearing, Groves was still receiving oxygen at the Crittenden County Jail and taking nebulizer treatments. (Detention Hr'g Tr. 14:10-17). If released, Groves proposed to live with his daughter's family in Louisville, but his daughter was unavailable to testify at the hearing. (Detention Hr'g Tr. 3:5-16, 10:11-22).

After considering Groves's testimony, the Magistrate Judge found that he had failed to meet his burden. (Order 1, DN 24; Detention Hr'g Tr. 23:24-25:8, 25:22-26:1). As the Magistrate Judge explained:

> Well, in assessing the arguments and the information that's before me, while I don't find that there is a risk of flight, I do find that there is a danger to the community. The charges that are pending now, the violations are Grade A level and it's very serious. And I'm very concerned that they involve drug trafficking. And these are charges from 2018, just a couple of years ago, and at that time Mr. Groves was 64 or 65, so I am not moved by arguments related to his age.
>
> With respect to his health condition, we know that the virus is out in our community here in Louisville, Kentucky, and in the State of Kentucky. And while it is a different jurisdiction, I understand and appreciate the arguments made by defense counsel that the State of Kentucky made a decision to release him, but he was housed at Green River, where the court will take notice that there have been known reports of coronavirus at that institution. The court also takes notice that they're not aware of any reports at Crittenden County or any other detention facility that is used by this court.
>
> I'm also concerned that the daughter is not here participating in this hearing. Probation has not had an opportunity to talk with her to assess the living circumstances. There is a child in that home, although it's not been presented the age of that child. But, again, I'm looking at the charges that the trial court is going to consider in the revocation hearing and they are very serious, trafficking in controlled substances, including cocaine.
>
> And so I am not finding that the defendant has overcome that there is a danger to the community if released pending the revocation hearing. And certainly, in the absence of there being evidence presented to the court about the living circumstance, it is very possible that he would contract the virus out in the community if released, so that is not persuasive.
>
> . . .

> So at this time the court is not convinced, does not find that there is a condition or set of conditions which alleviates the concern regarding danger to the community, and I find that Mr. Groves will continue to be detained pending his revocation hearing.

(Detention Hr'g Tr. 23:24-25:8, 25:22-26:1).

As part of the Court's consideration of the present motion, the Court requested that the U.S. Probation Office contact Groves's daughter and evaluate whether she would be a suitable custodian and whether her residence would be appropriate for home detention. As disclosed to the parties, both questions have been answered in the affirmative: Groves's daughter is a willing and suitable custodian, and her home is appropriate for home detention. Based on the information available at the detention hearing, the additional information provided by the U.S. Probation Office, the Court is satisfied that imposing home detention pending the final revocation hearing is appropriate in this case.

After considering 18 U.S.C. §§ 3142 and 3144, the Court is persuaded that Groves is unlikely to flee due to his health conditions or pose a danger to the safety of anyone or the community based on this health conditions and if restricted to home detention pending his final revocation. Accordingly, the Court will grant the motion.

### B.  Plaintiff's Motion for Leave to File Belated Response (DN 30)

The United States also moves for leave to file its belated response to Groves's motion. Groves has not opposed the motion, and in light of the atypical briefing schedule, the Court will grant this motion.

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Revocation of Detention Order (DN 26) and Plaintiff's Motion for Leave to File

Belated Response (DN 30) are **GRANTED**. Defendant Roy Allen Groves shall be released to the custody of Betty Dyer on May 29, 2020, at or before 10:00 AM local time, subject to location monitoring as directed by the U.S. Probation Office. Defendant shall be restricted to 24-hour-a-day lockdown at Betty Dyer's residence except for medical treatment, court appearances, and other activities specifically approved in advance by the U.S. Probation Office.

Greg N. Stivers, Chief Judge
United States District Court

May 28, 2020

cc: counsel of record
U.S. Marshals Service
U.S. Probation Office